# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>CHRISTIAN YURIEL ANAYA ESCAMILLA,<br><br>                  Defendant. | No. 19-00145-02-CR-W-DGK |

## ORDER REGARDING THE GOVERNMENT'S MOTION TO CORRECT CLEAR ERROR PURSUANT TO RULE 35(a)

Now before the Court is the Government's "Motion to Correct Clear Error Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure." ECF No. 861.

The relevant procedural history is as follows. On July 8, 2022, Defendant Christian Yuriel Anaya Escamilla pled guilty by agreement to, *inter alia*, Counts One and Two of the Indictment, charging violations of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846 (conspiracy to distribute methamphetamine and heroin), and Title 18, United States Code, Section 1956(a)(1)(A)(i), (B)(i), (ii), and (h) (conspiracy to commit money laundering). Defendant also admitted the forfeiture allegations and agreed to a money judgment in an amount to be determined by the Court at sentencing, but not to exceed $882,000. ECF No. 723.

On February 9, 2023, the Government moved for a preliminary order of forfeiture consisting of a personal money judgment against Defendant in an amount to be determined by the Court, but not to exceed $882,000. ECF No. 854.

On February 10, 2023, the Court sentenced Defendant to 144 months' imprisonment and orally announced the final calculated money judgment in the amount of $100,000 and included the

final amount in the Judgment and Commitment Order. The Court subsequently granted the Government's motion—entering a preliminary order of forfeiture against Defendant in the amount of $100,000 as reflected in the final judgment—on February 16, 2023. ECF No. 860.

Later on February 16, 2023, the Government filed the pending motion, which contends the Court committed legal error by not imposing a money judgment against Defendant in the requested amount of $800,000. Mot. at 7–8. The Government requests the Court rule on the motion "no later than February 24, 2022 [sic], so that it can properly preserve its appellate rights to the extent necessary." *Id.* at 8.

To accommodate the Government's request for an expedited ruling, the Court rules as follows. This order is shorter and less detailed than the Court would like, but the best the Court can do given the expedited schedule. After reviewing the record and applicable law, the Court upholds its original order of forfeiture. The Court determined $100,000, instead of the requested $800,000, because the record viewed as a whole indicates the latter amount would greatly exaggerate Defendant's financial proceeds. Defendant played only a mid-level role in the conspiracy; consistent with the guidance from *Honeycutt v. United States*, 581 U.S. 443, 448 (2017) (providing an example illustrating how amounts should be apportioned amongst coconspirators), the Court finds Defendant's proceeds are at most $100,000 for purposes of calculating forfeiture. Thus, the Government's objection is noted and OVERRULED.

**IT IS SO ORDERED.**

Date:  February 24, 2023                   /s/ Greg Kays
                                                                                    GREG KAYS, JUDGE
                                                                                    UNITED STATES DISTRICT COURT